JOHN ROEHL, Respondent, v. A. H. NIETER and A. G. Nieter, Appellants.

(172 N. W. 114.)

**Contracts — recovery of true consideration — question for jury.**

    1. In an action to recover the true consideration for a deed other than that expressed in the deed, it is *held* that the evidence justifies the finding of the jury.

**Contracts — liability of wife for purchase price when named as grantee.**

    2. In an action to recover the balance of the consideration for a deed other than that expressed in the deed, where the husband promised to pay the consideration therefor, and the wife received the delivery of such deed in her name, she becomes a party to the transaction by the acceptance of the deed, and is liable for the true consideration promised, in the absence of any showing that she had no knowledge thereof.

Opinion filed April 15, 1919.

Action in District Court, Grant County, *Hanley, J.*, to recover the consideration of a deed.

From a judgment rendered for the plaintiff, and from an order denying new trial, the defendants appeal.

Affirmed.

*Vincent Hogan* and *B. W. Shaw,* for appellants.

"Where a case is based on fraud the facts to prove it must be established by clear and satisfactory evidence in a higher degree than in ordinary cases." Lipley v. Anderson, 125 N. W. 432.

In Dome v. Dunnam, 89 N. W. 640, the court say: "There was a defect of parties defendant." Riggs Land Co. v. Motely, 124 N. W. 438.

*Jacobsen & Murray (E. T. Burke,* on oral argument), for respondent.

BRONSON, J.    This is an action to recover the balance of a consideration for a deed. In the trial court the plaintiff recovered a judgment against the defendants for such consideration, and from such judgment, and an order of the trial court denying a motion for a new trial, the defendants have appealed. The sole question involved is whether the

true consideration of the deed in question is $3,400 or $2,200. The facts substantially are that the plaintiff owned a quarter section of land in Grant county, which was his homestead; he became financially embarrassed; as a result he sold this homestead to the defendant A. H. Nieter, and he delivered a deed therefor, with the wife of said A. H. Nieter designated therein as grantee. The consideration expressed in the deed is $2,200. There is testimony in the record by the plaintiff and his wife that the defendant A. H. Nieter agreed to pay the plaintiff, for this land, $3,400. The contention and evidence on the part of the defendants, on the other hand, is that the consideration to be paid was only $2,200. A square issue of fact was presented for the consideration of the jury. The jury determined this issue adversely to the defendants; this court will not disturb the finding of the jury so made. Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592; 2 Devlin, Deeds, 3d ed. § 823. The defendants complain that the trial court should have granted a new trial based upon the ground of newly discovered evidence. We find no abuse of discretion in the trial court refusing so to do. The appellants contend that the record discloses no agreement by the wife of the defendant, A. H. Nieter, to pay this consideration, and that therefore, by mistake, a judgment has been rendered against her. In this record the deed is considered delivered. The delivery of a deed implies acceptance by the grantee; and to the terms thereof to which she assented. 13 Cyc. 571. Its acceptance constituted a contract. 2 Devlin, Deeds, 3d ed. § 9400. No question is presented in the record that she did not know the agreement that her husband made concerning the consideration. The question raised by the appellants concerning a defect of parties is without merit.

The judgment is affirmed, with costs.